*C. W. Bussell, A. J. & J. C. McDonald,* contra.

---

15942.  Sheffield *v.* Atlantic Refining Company.

Stephens, J.  1. Where a blacksmith's helper, whose duties require him to work in a blacksmith shop under the direction of the blacksmith, assists the blacksmith in making a pair of hinges for the helper's own personal use, which the blacksmith makes at the helper's request, and where it has been the custom of their common employer, a company, to do work for its employees, and the helper has, in working for the company, under instructions from the blacksmith, performed such work for other employees of the company, the inference is authorized that the helper, when so engaged in assisting the blacksmith in making the hinges for the helper's own use, is, notwithstanding the fact that the work may be knowingly done by both the helper and the blacksmith in violation of a rule of the company which requires an order from the mechanical department before such work can be done, nevertheless performing work in the course of his employment. The work performed being of such a character as from time to time, under the rules of the company, falls within the duties of the helper, and it being the duty of the helper to work under instructions from the blacksmith, the performance by the helper of such work under such directions, although

knowingly done in violation of a rule of the company prohibiting such work "unless duly authorized," which rule is necessarily directory only, does not deprive the helper when doing such work of his status as an employee of the company acting within the course of his employment.

2. Where the helper, when so engaged, suffers the loss of one of his eyes by reason of a piece of metal flying from one of the hinges in which he is attempting to punch a hole, the injury arises out of and in the course of his employment, and is compensable under the workmen's compensation act.

3. In a claim by the helper for compensation for the injury thus sustained, where the industrial commission, on the competent evidence introduced, found the facts as narrated in paragraph 1 of this syllabus, the award of compensation made by the commission was legally authorized, and the judge of the superior court erred in setting the award aside.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 9, 1925. REHEARING DENIED SEPTEMBER 30, 1925.

Appeal; from Glynn superior court — Judge Highsmith. August 27, 1924.

Certiorari was granted by the Supreme Court.

*Farr & Powell,* for plaintiff.

*Bennet, Twitty & Reese,* for defendant.